# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORDAN HEATH,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 13-355Erie** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DR. DOGUN, et al,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 1] be denied and his complaint be dismissed pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's right to re-open this case upon payment of the filing fee of $350.00 and the administrative fee of $50.

### II.    REPORT

#### A.    Relevant Background

Plaintiff Jordan Health, currently incarcerated within the State Correctional System of Pennsylvania, presented this civil rights complaint against Dr. Eyeta John Dogun, Nancy Giroux, Ullie Klemm, John Does 1-25, and John Wetzel. Plaintiff alleges that Defendants have violated his constitutional and statutory rights by infringing on his practice of his religion, Judaism. Plaintiff seeks leave to prosecute *in forma pauperis* pursuant to 28 U.S.C. § 1915.  ECF No. 1.

1

### B.    The "Three Strikes" Provision of the Prison Litigation Reform Act

Section 804(g) of Pub.L. No. 104-134, enacted April 26, 1996, amended 28 U.S.C. §

1915 to provide:

> [i]n no events shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Plaintiff has been a prolific filer in this federal court.  At least three of Plaintiff's prior

lawsuits have been dismissed as legally frivolous: Health v. Sauers, et al, C.A. No. 13-275E;

Heath v. Zeigler, et al, C.A. No. 13-277E; Heath v. Zeigler, et al, C.A. No. 13-279E; and Heath

v. Skerda, et al, C.A. No. 13-280E.

An indigent inmate may overcome the "Three Strikes Rule" if he can show that he is

under "imminent danger of serious physical injury."  Abdul-Akbar v. McKelvie, 239 F.3d 307

(3d Cir. 2001) (interpreting imminent danger).  See also Brooks-Bey v. Schmerfelt, 2011 WL

1398472, at *3 (M.D. Pa. March 21, 2011).    Here, Plaintiff has not alleged such imminent

danger.[1]


### III.    CONCLUSION

Because of these prior frivolous dismissals, and because Plaintiff has not alleged that he

is in imminent danger of serious physical injury, it is recommended that Plaintiff's motion for

leave to proceed *in forma pauperis* [ECF No. 1] be denied and his complaint be dismissed

---

[1] It is a plaintiff's burden to prove entitlement to *in forma pauperis* status.  Robert v. Walls, 2011 WL 1599652, at *1 (W.D. Pa. March 14, 2011) citing White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996).

pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's right to re-open this case upon payment of the filing fee of $350.00 and the administrative fee of $50.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation in accordance with the schedule established in the docket entry indicating the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: December 20, 2013